IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GERARD C. BAILEY, SR.                                                                    PLAINTIFF

v.                              Case No. 6:25-cv-6051

STATE OF ARKANSAS OFFICE
OF CHILD SUPPORT ENFORCEMENT
and ALEAH C. BANKS, Custodian                                                       DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed June 4, 2025, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 5. Plaintiff has responded with objections. ECF No. 6. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He is representing himself in this matter and is proceeding *in forma pauperis* ("IFP"). Plaintiff states that he "seek[s] redress for violations of [his] rights under the Fourteenth Amendment to the United States Constitution, specifically the right to due process and a fair hearing related to child support enforcement." ECF No. 1, p. 1. Specifically, Plaintiff alleges that, during child support enforcement proceedings, he was denied an opportunity to be heard in a fair proceeding, to challenge jurisdiction, to present evidence, and to call witnesses. He is suing the Arkansas Office of Child Support Enforcement (OCSE) and Aleah Banks, who Plaintiff names as "Custodian," for compensatory damages, punitive damages, and injunctive relief.

Judge Ford recommends that Plaintiff's IFP motion (ECF No. 3) be denied and this case

dismissed on the grounds that it is frivolous and fails to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff objects to this recommendation. ECF No. 6.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual seeks leave to proceed IFP. On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from

suit. 28 U.S.C. § 1915(e)(2)(B).

### III. DISCUSSION

Judge Ford finds that Plaintiff's complaint is subject to dismissal because his claims are not cognizable under § 1983. Upon *de novo* review, the Court agrees.

State agencies are not "persons" subject to suit under § 1983. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). Thus, the Arkansas Office of Child Support Enforcement, a division within the Department of Finance and Administration, cannot be sued under § 1983 and must be dismissed from this case.

Turning now to Defendant Banks, Plaintiff makes the conclusory statement in his complaint that Defendant Banks "act[ed] under the color of state law." Plaintiff identifies Defendant Banks as a "custodian," whom the Court assumes is the custodian of the child or children related to the child support enforcement proceedings at issue. To come within reach of § 1983, a private actor must be a "willful participant in joint activity with the State in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline Univ.* 747 F.3d 532, 536 (8th Cir. 2014). Plaintiff has not alleged any facts stating a plausible claim that Defendant Banks willfully participated in joint activity with the state to deny Plaintiff's constitutional rights. Thus, Defendant Banks, as a private citizen, is not subject to suit under § 1983.

Plaintiff has filed objections to the Report and Recommendation, and the Court has reviewed these objections. However, Plaintiff's objections do not address the Court's finding that the Defendants in this lawsuit are not persons subject to suit under § 1983. Because both Defendants are not persons subject to suit under § 1983, this case must be dismissed.

### IV. CONCLUSION

Upon review, the Court adopts the Report and Recommendation (ECF No. 5) *in toto*.

Accordingly, Plaintiff's Motion for Leave to Proceed IFP (ECF No. 3) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**, this 26th day of February, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge